UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
OLIN CORPORATION, :
:
                          Plaintiff, :        84 Civ. 1968 (TPG)
:
       – against – :        **OPINION**
:
INSURANCE COMPANY OF NORTH :
AMERICA, et al., :
:
                        Defendants. :
------------------------------------------------x

      Plaintiff Olin Corporation has filed a Third Amended Complaint mainly against various excess insurers, including OneBeacon American Insurance Company (formerly "Commercial Union"). The court will use the Commercial Union name generally in the litigation.

      Commercial Union is named as a defendant in the First and Second Claims, along with the other excess insurers. The Third Claim is against Commercial Union only. Commercial Union moves to dismiss a portion of the First and Second Claims as they pertain to Commercial Union (leaving part of these claims standing as against this defendant). Commercial Union bases this motion on the doctrine of *res judicata*. Commercial Union moves to dismiss the Third Claim in its entirety on various grounds to be discussed.

      The court has received submissions by both sides on these applications, and a lengthy telephone-conference was held today. It is

the court's view, as discussed with counsel in the conference, that the *res judicata* motion as to the First and Second Claims should be held in abeyance at this stage in the litigation. However, to clear the record, the court is denying the application as to the First and Second Claims, subject to the right of Commercial Union to renew it at a later time.

As to the application to dismiss the Third Claim, the court denies this application for reasons to be set forth.

In the Third Claim, Olin seeks damages for unfair claim settlement practices by Commercial Union. The claim is made under Massachusetts General Law Chapter 93A, §§ 2 and 11. Olin alleges that Commercial Union employed unfair methods of competition and unfair or deceptive acts or practices with respect to certain claim settlement practices. Specifically, Olin alleges that Commercial Union has (1) failed to acknowledge, and act reasonably promptly upon, communications with respect to claims arising under plaintiff's policies, and ignored Olin's repeated notifications with respect to the Morgan Hill site; (2) refused to pay Olin's claims without conducting a reasonable investigation based upon all available information; (3) failed and refused to affirm or deny coverage in respect of Olin's claims for an unreasonable period of time— and in many cases, has never affirmed or denied coverage in respect to certain of Olin's claims; (4) misrepresented pertinent facts or insurance policy provisions relating to coverage at issue; (5) failed to effectuate prompt, fair and equitable settlements of Olin's claims in which liability

has become reasonably clear; (6) delayed its investigation of Olin's claims by requiring Olin to provide information that had already been provided to it in repeated notices submitted in respect of Olin's claims; and (7) failed to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of Olin's claims.

Commercial Union has shown no ground for dismissing the Third Claim. It is asserted that a claim under the Massachusetts statute would run contrary to the court's prior ruling that New York law applies to issues under the insurance contracts. But there is no inconsistency between applying the law of New York, as the court has done, on questions of insurance coverage, and now entertaining a tort claim under Massachusetts law.

Commercial Union argues that the Third Claim is "untimely." But there is no showing that it is barred by any statute of limitations or by any other rule of law regarding timeliness.

Commercial Union contends that the Third Claim should be dismissed because it is "implausible." The court does not understand how such a concept can be a legal defense against a pleading which does indeed assert specific violations of Massachusetts statutory law.

## Conclusion

The court denies the application of Commercial Union to dismiss a portion of the First and Second Claims, with leave to renew such

application at a later time. The court denies the application to dismiss the Third Claim.

This opinion resolves the motion listed as document number 1417 in this case.

SO ORDERED.

Dated: New York, New York
December 16, 2010

Thomas P. Griesa
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 1
DATE FILED: 12/16/10