UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
                                           :
OLIN CORPORATION,                          :
                                           :
                         Plaintiff,        :    84 Civ. 1968 (TPG)
                                           :
            v.                             :    **OPINION AND ORDER**
                                           :
                                           :
INSURANCE COMPANY OF NORTH                 :
AMERICA, *et al.*,                         :
                                           :
                         Defendants.       :
                                           :
                                           :
------------------------------------------x

In the latest chapter of this decades-long litigation, plaintiff Olin Corporation ("Olin") seeks indemnification from defendant OneBeacon ("OneBeacon"), which issued a 1970 excess insurance policy to Olin. Olin seeks costs for environmental damage that occurred at five sites: (1) McIntosh, (2) Augusta, (3) Fields Brook, (4) Rochester, and (5) the Bridgeport Rental Oil & Service ("BROS") Site.

On April 1, 2015, the court entered a Rule 54(b) judgment in favor of Olin for damages at the first four sites. (Dkt. No. 1815.) The Rule 54(b) judgment excluded any damages relating to the BROS Site, which is the subject of this opinion. The court entered an amended Rule 54(b) judgment on April 6, 2015, which also excluded damages relating to the BROS Site. (Dkt. No. 1819.)

OneBeacon initially disputed liability on all five sites. On October 9, 2013, just prior to the beginning of trial, the court granted summary judgment to Olin regarding the BROS Site. (Dkt. No. 1733, 10/9/13 Tr. at 25:21-26:1.) The remaining four sites went to

1

trial. In November 2013, a jury returned a verdict in favor of Olin concerning McIntosh, Augusta, Fields Brook, and Rochester.

OneBeacon now argues that, as a result of the court's grant of Olin's pretrial motion for summary judgment as to the BROS Site, there have been no factual determinations upon which the court may enter a monetary judgment for the BROS site. OneBeacon requests a second jury trial to make such factual determinations, and to determine the amount of damage that may be allocated to the 1970 OneBeacon policy period for the BROS Site. On March 27, 2015, the parties submitted supplemental briefing regarding OneBeacon's request for a jury trial.

The court has reviewed the parties' supplemental submissions. For the reasons that follow, OneBeacon's request is denied.

## BACKGROUND

Olin leased and used storage tanks at the BROS Site for the treatment and storage of hazardous waste, including spent sulfuric acid. The New Jersey Department of Environmental Protection ("NJDEP") brought a claim against Olin for property damage occurring from 1968-1974 at the BROS Site as a result of Olin's use of storage tanks. Olin's potential liability on this claim exceeded $200 million.

In 1996, Olin entered into a settlement agreement with regulators, rendering Olin liable for $3.3 million of the environmental contamination costs. The parties here stipulated to a total cost of $3.3 million incurred for BROS Site damage as of December 31, 2013, but disputed whether OneBeacon was liable to Olin for part or all of this amount.

2

In the months leading up to trial, the parties engaged in extensive discovery regarding the BROS Site. Olin's expert, Dr. Billy Hall, opined that the relevant property damage occurred from 1968-1974—the time during which Olin stored its tanks at the BROS Site. Because the "Condition C" language in the policy means that damage in the years 1971-1974 must be swept back retroactively into the year of the relevant insurance policy (1970), Dr. Hall claimed that the BROS Site damages should be allocated to each year on a pro rata basis of 14.29% year. Dr. Hall opined that pro rata allocation is appropriate because there is insufficient evidence to support a different method of allocation for the BROS Site. Dr. Hall was deposed by OneBeacon before trial regarding his pro rata allocation, but was not cross-examined at trial on this point, as the BROS Site was no longer before the jury.

OneBeacon also retained experts—Dr. Peter Shanahan and Mary Sitton—to opine on the allocation of damages in the case. These experts claimed that that no property damage occurred at the BROS Site during the OneBeacon policy period. (Klinger Declaration ¶¶ 6-9; Ex. C at pp. 15-17 ("There is no environmental damage at the BROS Superfund Site attributable to Olin.").) In fact, counsel for OneBeacon admitted that its experts had done no specific allocation of damages at the BROS Site prior to trial, because it believed that no such damage had occurred within the policy period. (Dkt. No. 1733, 10/9/13 Tr. at 27-28.)

Olin moved for pretrial summary judgment on its BROS Site claim. The motion was extensively briefed. Just before trial, on October 9, 2013, the court granted Olin's motion, holding that OneBeacon owed coverage because Olin's settlement of the BROS Site claim with the NJDEP sufficiently triggered OneBeacon's indemnification

3

obligation. The court stated: "I think the meaning of the Second Circuit cases inevitably is that if there is a claim against an insured which would come within . . . the policy definition of liability, but the insured denies liability and settles, then under the Second Circuit case the insured doesn't have to come back and prove against the insurance company that which it reasonably denied." (*Id.* at 25:12-20.) The court further stated: "[I]f a claim is made against Olin for liability for contamination damage to property, environmental damage, and if there is a claim that that occurred during the policy coverage period, and if Olin settles that claim, then the insurance company is liable." (*Id.* at 25:21-26:1.)

Trial proceeded on the four remaining sites. The jury found for Olin, and returned a verdict allocating the amount of third-party property damage that Olin's operation caused at each of the four relevant sites during the years covered by the OneBeacon excess policy. The jury did not make any such determination related to the BROS Site.

OneBeacon claims that the court's summary judgment ruling was in error, and preserves its appellate rights. OneBeacon also claims that, as a consequence of the Court's grant of Olin's summary judgment motion, there has been no finding of fact "as to whether Olin's use of storage tanks at the BROS [Site] caused third-party property damage to soil and/or groundwater and, if so, when." (Dkt. No. 1816, OneBeacon Br. at 2.) OneBeacon further argues that "there has been no finding of fact as to the amount of damages that occurred in any particular year or years – or what percentage of those damages impact the 1970 OneBeacon policy period." (*Id.*) OneBeacon claims that its experts could convince a jury that that no property damage was caused at the BROS Site

4

during the relevant policy period, or alternately that only some—but not all—of the alleged damage occurred during the policy period.

Olin counters that a second jury trial is unnecessary, given the court's ruling on summary judgment, and that there is no real factual dispute or relevant evidence to present to a jury regarding allocation. Olin argues that the court should use the opinion offered by Olin's expert, Dr. Hall, regarding allocation of damages on the BROS Site, which would yield a judgment of approximately $2 million in Olin's favor.

## DISCUSSION

Throughout the long course of the *Olin* litigation, the Second Circuit has issued a number of opinions clarifying the appropriate method for allocating damages, and holding that damages should be allocated on a pro rata basis unless the record support a different type of allocation. Most recently, in 2012, the Second Circuit held: "Equally allocating damage pro rata is a default rule; if the evidence allows for more specific assignment of liability to particular years, then responsibility should be determined in that way." *Olin v. American Home Assurance Co.*, 704 F.3d 89, 97 (2d Cir. 2012). This holding reaffirmed two similar opinions from the Second Circuit in this case using the "pro rata allocation" method. *See Olin v. Insurance Company of North America*, 221 F.3d 307, 325 (2d Cir. 2000) (damages should be allocated pro rata when "the record does not disclose any other factor upon which to rely in making the allocation"); *Olin v. Certain Underwriters at Lloyd's London*, 468 F.3d 120, 127 (2d Cir. 2006) (pro rata allocation may be used unless "it could be determined exactly how much property damage occurred in each year").

OneBeacon argues that a new jury trial regarding the BROS Site damages would allow for a more specific assignment of liability to particular years, as opposed to the default pro rata allocation. OneBeacon asks the court to allow a jury to hear expert testimony that no damage caused by Olin at the BROS Site occurred during the policy period, or that some amount occurred smaller than the number agreed to by Olin in its settlement with regulators. But OneBeacon has not actually cited admissible evidence in support of this argument to raise a genuine issue of fact justifying a new trial. In fact, as noted above, OneBeacon's experts have already opined that there was no damage whatsoever at the BROS Site during the relevant policy period—and thus cannot offer useful testimony to a jury regarding the allocation of damages to a particular year inside or outside of the policy period. Moreover, the court's holding at summary judgment renders irrelevant such testimony regarding the scope of OneBeacon's underlying liability. The court has already held that, in light of Olin's reasonable settlement of the NJDEP's claims for covered losses during the policy period, Olin is not required to prove the truth of the NJDEP's allegations.

In arguing for a jury trial on when the damage at the BROS Site occurred, OneBeacon is effectively asking the court to reconsider its own summary judgment ruling, and is attempting to re-litigate the issue of liability in the guise of a trial on damages. OneBeacon argues—as it did at summary judgment—that under *Servidone Const. Corp. v. Security Ins. Co. of Hartford*, 64 N.Y.2d 419 (1985), it is entitled to litigate Olin's liability at the BROS Site even after Olin's settlement with regulators. OneBeacon argues that its position was affirmed by a recent opinion issued by the New York State Court of Appeals, which noted, in the context of an insurer's alleged breach of

6

its duty to defend, that a "liability insurer's duty to indemnify its insured does not depend on whether the insured settles or loses the case." (OneBeacon Br. at 6 (quoting *K2 Inv. Group LLC v. American Guarantee & Liability Ins. Co.*, 22 N.Y.3d 578, 585 (2014).)

The court disagrees, and believes the caselaw supports the ruling already made at summary judgment.[1] As the *K2* court wrote, the "issue in *Servidone*, as here, is whether the insurer that had breached its duty to defend may rely on policy exclusions that do not depend on facts established in the underlying litigation." *K2 Inv. Group LLC*, 22 N.Y.3d at 585. By contrast, OneBeacon is *not* claiming a policy exclusion, but rather seeking to show a jury—despite this court's prior ruling to the contrary—that the damages underlying Olin's settlement with the NJDEP simply did not occur during the policy period. To the extent OneBeacon believes that the court's summary judgment ruling "was in error" under *Servidone* or *K2 Investment*, *see* OneBeacon Br. at 3, OneBeacon is of course free to pursue its rights on appeal. But a jury trial is not the forum to re-litigate summary judgment liability on the BROS Site.

Given the Second Circuit's repeated holding in the *Olin* cases that a pro rata allocation is appropriate, such a trial is also unnecessary. Here, the record evidence does not allow for a more specific allocation other than the default pro rata rule. As Dr. Hall previously opined: "The data is not available to do a precise allocation of damages to any specific year between 1968 and 1974." (Hall Expert Report at 12.) OneBeacon has not

---

[1] *See, e.g., Luria Brothers & Co., Inc. v. Alliance Assurance Co., Ltd.*, 780 F.2d 1082, 1091 (2d Cir. 1986) ("[T]he insured need not establish actual liability to the party with whom it has settled so long as a potential liability on the facts known to the [insured is] shown to exist, culminating in a settlement in an amount reasonable in view of the size of possible recovery and degree of probability of claimant's success against the [insured]"); *see also Societe Generale Energie Corp. v. New York Marine & Gen. Ins. Co.*, 368 F. Supp. 2d 296, 301 (S.D.N.Y. 2005) (quoting same).

7

provided evidence to the contrary. On this record, the court finds that the default pro rata allocation method applies, and that a jury trial on this discrete issue is unnecessary.

## CONCLUSION

For the reasons discussed above, the court denies OneBeacon's request for a jury trial regarding allocation of damages at the BROS Site.

The court finds that a pro rata allocation is appropriate for BROS Site damages from 1968-1974. Under Condition C, OneBeacon is responsible for all amounts allocated pro rata to the 1970-1974 years, less the $300,000 attachment point in the excess policy. Consequently, the court rules that OneBeacon is liable to Olin for $2,057,850 in past costs associated with the BROS Site, plus 71.45% of any future recoverable costs.

Pursuant to C.P.L.R. § 5001(a), the court also finds that OneBeacon is liable for prejudgment interest. The court orders the parties to confer, and to submit a proposed judgment relating to the BROS Site no later than April 30, 2015. The proposed judgment shall include prejudgment interest, computed from the dates that Olin incurred damages on the BROS Site, through April 1, 2015.

This opinion resolves the briefing in support of OneBeacon's request for a jury trial. (Dkt. Nos. 1816 and 1817.) The Clerk of Court is also directed to terminate OneBeacon's motion for partial summary judgment regarding prejudgment interest, listed as item 1798 on the docket.

SO ORDERED.

Dated: New York, New York
April 15, 2015

Thomas P. Griesa
U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/15/15

8