UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

OLIN CORPORATION,

                Plaintiff,

      - against -

INSURANCE COMPANY OF NORTH
AMERICA, et al.,

                Defendants.

------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/28/2015

84 Civ. 1968 (TPG)

**OPINION & ORDER**

      Before the court is defendant OneBeacon's motion for judgment as a matter of law, or for a new trial, pursuant to Federal Rules of Civil Procedure 50 and 59. OneBeacon's motion relates to a 2013 trial on plaintiff Olin's claims regarding four sites where environmental damage occurred: (1) McIntosh, (2) Augusta, (3) Fields Brook, and (4) Rochester.

      In November 2013, a jury returned a verdict in favor of Olin concerning all four sites. OneBeacon now argues that the court's pretrial, trial, and post-trial errors require that judgment be entered in OneBeacon's favor as to all claims, or, alternately, that a new trial be granted as to all claims. Olin opposes OneBeacon's motion.

      Among other arguments, OneBeacon claims that: (1) OneBeacon timely raised a valid statute of limitations defense which bars Olin's claims; (2) the court erred in denying OneBeacon's pretrial motion for summary judgment on Olin's McIntosh claim; (3) the court

1

erred in denying OneBeacon's pretrial motion for summary judgment on the prior insurance provision of "Condition C," and further erred in applying "Condition C" post-trial with respect to the allocated damages; (4) the jury should have been instructed to consider and decide whether, after 1970, Olin "expected or intended" the property damage it caused at the trial sites; (5) the jury should have been instructed on Olin's constructive intent to cause property damage; (6) the court erred in excluding evidence at trial concerning a 1971 federal indictment of Olin; and (7) the court erred in failing to grant OneBeacon's previous Rule 50 motions.

Having reviewed OneBeacon's motion and the relevant briefing from the parties, as well as the 2013 trial record, the court finds the motion to be without merit. Many of OneBeacon's arguments have been the subject of extensive earlier briefing and argument, and have been previously rejected by the court. OneBeacon has not presented sufficient evidence or argument justifying any departure from the court's prior rulings concerning such arguments. *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'").

To the extent OneBeacon raises new arguments that have not been waived or forfeited,[1] and to the extent such arguments are properly before the court on a Rule 50 or Rule 59 motion, the court finds that all such arguments fail on the merits. The court's evidentiary rulings and instructions to the jury at the 2013 trial complied with the Federal Rules of Evidence, and with the applicable Second Circuit precedents from previous proceedings in the *Olin* cases. Similarly, the court's application of "Condition C" with respect to the prior insurance provision and the allocation of damages properly interpreted the "Condition C" language and complied with applicable precedents from the Second Circuit. Finally, the jury's verdict was rendered pursuant to proper instructions from the court, and was supported by the evidence.

OneBeacon's motion is therefore denied in its entirety. No amendments will be made to the Amended Rule 54(b) Judgment previously entered by the court. (Dkt. No. 1819.) The Clerk of Court is directed to terminate the motion listed as item 1823 on the docket.

SO ORDERED.

Dated:   New York, New York
         May 28, 2015

                                    Thomas P. Griesa
                                    U.S.D.J.

---

[1] The court finds that OneBeacon's newfound statute of limitations defense has been waived and forfeited, and is also not properly before the court on a Rule 50 motion.