USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/28/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x

OLIN CORPORATION,

                Plaintiff,

    - against -

INSURANCE COMPANY OF NORTH
AMERICA, *et al.*,

                Defendants.

---------------------------------------- x

84 Civ. 1968 (TPG)

**OPINION & ORDER**

Before the court is defendant OneBeacon America Insurance Company's ("OneBeacon") post-judgment motion to vacate, amend, or alter the judgment relating to the Bridgeport Rental and Oil Services, Inc. Site (the "BROS Site"), or for a trial, pursuant to Federal Rules of Civil Procedure 59 and 60. (Dkt. No. 1837.) Plaintiff Olin Corporation ("Olin") opposes the motion.

For the reasons that follow, the motion is denied.

**BACKGROUND**

In this insurance litigation, OneBeacon initially disputed liability on five sites: (1) McIntosh, (2) Augusta, (3) Fields Brook, (4) Rochester, and (5) BROS Site. On October 9, 2013, just prior to the beginning of trial on all sites at issue, the court entered partial summary judgment in favor of Olin regarding the BROS Site. In granting partial summary judgment, the court held that OneBeacon owed coverage with respect to the BROS Site because Olin's settlement with the New Jersey Department of Environmental

1

Protection ("NJDEP") sufficiently triggered OneBeacon's indemnification obligations. (Dkt. No. 1732, 10/9/13 Tr. at 25:21-26:1.)

The remaining four sites went to trial. In November 2013, a jury found in favor of Olin with regard to the remaining four sites, but made no findings regarding the BROS Site.

After two hearings in early 2015 on damages, OneBeacon argued that, as a result of the court's grant of Olin's pretrial motion for summary judgment as to the BROS Site, there had been no factual determinations upon which the court could enter a monetary judgment for the BROS site. OneBeacon requested a second jury trial to make such factual determinations, and to determine the amount of damages that may be allocated to the 1970 OneBeacon policy for the BROS Site.

In an opinion and order dated April 15, 2015, the court denied OneBeacon's request for a jury trial, and resolved all outstanding issues with respect to the BROS Site. (Dkt. No. 1820.) In so ruling, the court noted that "OneBeacon's experts have already opined that there was no damage whatsoever at the BROS site during the relevant policy period—and thus cannot offer useful testimony to a jury regarding the allocation of damages to a particular year inside or outside of the policy period." (Dkt. No. 1820 at 6.) The court added: "Moreover, the court's holding at summary judgment renders irrelevant such testimony regarding the scope of OneBeacon's underlying liability. The court has already held that, in light of Olin's reasonable settlement of the NJDEP's claims for covered losses during the policy period, Olin is not required to prove the truth of the NJDEP's allegations." (*Id.*)

On May 28, 2015, consistent with its April 15, 2015 opinion and order, the court entered a Rule 54(b) judgment on the BROS Site in favor of Olin in the amount of $5,443,541.45, including prejudgment interest. (Dkt. No. 1831.)

## DISCUSSION

In the pending motion, OneBeacon argues for judgment as a matter of law on the BROS Site based on OneBeacon's interpretation of the Prior Insurance provision in "Condition C" of the relevant policies. OneBeacon further argues that the April 15, 2015 opinion and order must be vacated, and that the Rule 54(b) judgment on the BROS Site must be amended to allow trial on the issue of allocation of damages for the BROS Site. Finally, OneBeacon argues in the alternative that, to the extent the court does not entirely vacate its April 15, 2015 opinion and order and the Rule 54(b) judgment on the BROS Site, the court should amend the judgment to remove any award of pretrial prejudgment interest.

OneBeacon's motion lacks merit. As with an earlier post-judgment motion to vacate, amend, or alter the judgment entered with respect to the other four sites in the case, many of OneBeacon's arguments here have been the subject of extensive earlier briefing and argument, and have been previously rejected by the court. For example, the court has already ruled, in connection with OneBeacon's Rule 59 motion with respect to the other four sites, that "the court's application of 'Condition C' with respect to the prior insurance provision and the allocation of damages properly interpreted the 'Condition C' language and complied with applicable precedents from the Second Circuit." (Dkt. No. 1830 at 3.) There is nothing new or different in OneBeacon's argument concerning "Condition C" with respect to the BROS Site as compared to the other four sites. The

court stands by its previous rulings with respect to the "Condition C" language, and finds again that the Prior Insurance provision of "Condition C" should be read to refer only to any other excess policy issued to Olin by OneBeacon—not by other insurers.

The court similarly reaffirms its rulings with respect to prejudgment interest. OneBeacon argues that Olin is not entitled to prejudgment interest with respect to the BROS Site due to its alleged failure to comply with the Loss Payable provision in its insurance policy. OneBeacon has already made, and the court has already rejected, this same argument regarding prejudgment interest with respect to the other sites. The mere addition of the word "pretrial" to OneBeacon's prejudgment interest argument does not change the nature of the claim. There is no substantive difference with respect to the BROS Site, and the court has already rejected this specific argument, because Olin in fact satisfied any notice obligations here by sending more than a dozen notice and update letters regarding damages at the BROS Site dating back to 1986—to which OneBeacon refused to respond. *See* Dkt. No. 1831 at ¶ 7-8. The court has similarly included prejudgment interest in multiple Rule 54(b) judgment against other insurers in this case, and for good reason: New York law mandates the award of prejudgment interest, including pretrial interest, in any action arising from a breach of contract computed from the earliest ascertainable date the cause of action existed. *See* N.Y. C.P.L.R. § 5001(a); *see also Stanford Square, LLC v. Nomura Asset Capital Corp.*, 232 F. Supp. 2d 289, 293-94 (S.D.N.Y. 2002).

The only truly new argument in OneBeacon's motion concerns the court's April 15, 2015 opinion and order denying OneBeacon's request for a jury trial on the allocation of damages with respect to the BROS Site. The current motion does not contest the

court's summary judgment ruling on the BROS Site, which held that, in light of Olin's reasonable settlement with the NJDEP, Olin was not required to prove the truth of the NJDEP's allegations. Nor does OneBeacon challenge the reasonableness of that settlement here, which settled claims that would have fallen within the scope of OneBeacon's 1970 policies. Instead, the motion challenges only the amount and method of the allocation of damages with respect to the BROS Site.

OneBeacon argues that "the Court appears to have made a credibility determination in favor of Olin's expert over that of OneBeacon's experts" concerning the allocation of damages. But this claim misreads the court's opinion and the related record. The court did *not* make a credibility assessment between dueling experts, but rather held only that "the record evidence does not allow for a more specific allocation other than the default pro rata rule" with respect to the allocation of damages articulated by the Second Circuit in this case. (Dkt. No. 1820 at 7.) This conclusion was not based on any particular expert's credibility, but rather on the undisputed fact that OneBeacon denied that *any* damage at the BROS Site occurred during the policy period, and therefore OneBeacon's experts "had done no specific allocation of damages at the BROS Site prior to trial[.]" (*Id.* at 3; *see also* Dkt. No. 1732, 10/9/13 Tr. at 28:13-16 ("Yes, it is correct that our expert has not allocated any property damage during any of the OneBeacon policy periods because there was no property damage during any of the OneBeacon policy periods.").) There was simply no competing allocation from OneBeacon's experts to consider. Without a competing allocation, there was no material issue of fact left for the jury to decide with respect to the allocation of damages at the BROS Site.

This is particularly so because it was Olin's settlement with the NJDEP that triggered OneBeacon's duty to indemnify Olin—not specific proof of damage at the BROS Site occurring during any one year from 1968-1974.  There was therefore no factual basis in the record supporting an allocation of damages of a greater or lesser portion of that settlement to any specific year from 1968-1974.  Under these circumstances, the Second Circuit's prior holdings in this case point to the default rule of pro rata allocation, obviating the need for a jury trial on damages.  *See Olin Corp. v. Am. Home Assurance Co.*, 704 F.3d 89, 97 (2d Cir. 2012) (reiterating that "equally allocating damage pro rata is a default rule" applicable "unless evidence allows for more specific assignment of liability to particular years").

## CONCLUSION

OneBeacon's motion is denied in its entirety. No amendments will be made to the Rule 54(b) judgment concerning the BROS Site previously entered by the court. The Clerk of Court is directed to close the motion listed as item 1837 on the docket.

SO ORDERED.

Dated:   New York, New York
         August 28, 2015

THOMAS P. GRIESA
U.S. District Judge