### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| OLIN CORPORATION,  )<br>  )<br>                    Plaintiff,  )<br>  )<br>          v.  )<br>  )<br>LAMORAK INSURANCE COMPANY,  )<br>  )<br>                    Defendant.  )<br>-------------------------------------------------------------------X<br>LAMORAK INSURANCE COMPANY  )<br>f/k/a OneBeacon America Insurance Company  )<br>  )<br>                    Third-Party Plaintiff,  )<br>  )<br>          v.  )<br>  )<br>CERTAIN UNDERWRITERS AT LLOYD'S,  )<br>     LONDON and LONDON MARKET  )<br>     INSURANCE COMPANIES, et al.  )<br>  )<br>CONTINENTAL CASUALTY COMPANY,  )<br>  )<br>GENERAL REINSURANCE CORPORATION,  )<br>  )<br>FIREMAN'S FUND INSURANCE COMPANY,  )<br>  )<br>MUNICH REINSURANCE AMERICA, INC.,  )<br>f/k/a AMERICAN RE-INSURANCE COMPANY  )<br>  )<br>                         -and-  )<br>GREAT AMERICAN INSURANCE COMPANY  )<br>  )<br>                    Third-Party Defendants.  )  | No. 84 CIV 1968 (JSR) |

### DECLARATION OF SUSANNAH S. GELTMAN IN SUPPORT OF DEFENDANT LAMORAK'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

1

I, Susannah S. Geltman, make this declaration pursuant to 28 U.S.C. § 1746. I hereby state as follows:

1. I am an attorney at law licensed to practice in New York State and admitted to practice before this Court.

2. I am a partner of the law firm Simpson Thacher & Bartlett LLP, with an office at 425 Lexington Avenue, New York, New York 10017. Simpson Thacher & Bartlett LLP has been retained by defendant Lamorak Insurance Company (f/k/a OneBeacon America Insurance Company) ("Lamorak") to represent it in this matter.

3. I submit this Declaration in support of Lamorak's Reply Memorandum of Law In Further Support Of Its Motion For Summary Judgment, filed February 9, 2018.

4. My statements in this Declaration are based upon my personal knowledge and also upon my review of the pleadings and motions filed, documents produced, and depositions taken in this action.

5. New York courts have long applied a pro rata approach in allocating liability among co-insurers. The cases include the following:

- *Md. Cas. Co. v. W.R. Grace & Co.*, 218 F.3d 204, 210 (2d Cir. 2000) ("[U]nder New York law, . . . when one party jointly liable on an obligation pays more than its pro rata share, it may compel the co-obligors to contribute their share of the amount paid." (internal citation omitted)).

- *U.S. Fire Ins. Co. v. Fed. Ins. Co.*, 858 F.2d 882, 885 (2d Cir. 1988) ("if other policies similarly purported to provide final-tier coverage, all such insurers would be required 'to contribute ratably' toward any settlement" "in proportion to its limit amount of insurance" (internal citations omitted)).

- *Beazley Ins. Co. v. Ace Am. Ins. Co.*, 150 F. Supp. 3d 345, 357 (S.D.N.Y. 2015) ("Under New York law, 'when several insurers cover the same risk and payment for loss has been made by one, that carrier has a right to pro rata contribution from others insurers.'") (citing *New York v. Blank*, 27 F.3d 783, 793 (2d Cir. 1994), *abrogated on other grounds by Ment. Bros. Iron Works Co. v. Interstate Fire & Cas. Co.*, 702 F.3d 118, 121–22 (2d Cir. 2012)).

- *Nat'l Cas. Co. v. Vigilant Ins. Co.*, 466 F. Supp. 2d 533, 540 (S.D.N.Y. 2006) ("New York law recognizes a cause of action for pro rata contribution when a co-insurer pays more than its fair share for a loss covered by multiple insurers.").

- *Lumbermens Mut. Cas. Co. v. Allstate Ins. Co.*, 417 N.E.2d 66, 68 (N.Y. 1980) ("The general rule is, of course, that where there are multiple policies covering the same risk, and each generally purports to be excess to the other, the excess coverage clauses are held to cancel out each other and each insurer contributes in proportion to its limits amount of insurance.").

- *Travelers Ins. Co. v. Gen. Acc., Fire & Life Assur. Co.*, 271 N.E.2d 542, 545 (N.Y. 1971) ("[T]here should be a proportionate contribution in this case, not according to the limits for each claim but according to the limits for each accident since the settlements in this case were for a group of claims arising from a single accident.").

- *Fed. Ins. Co. v. Atl. Nat'l Ins. Co.*, 250 N.E.2d 193, 196 (N.Y. 1969) ("As both policies assumed the same risk, both were obligated to defend Morton in a suit brought against him and both must contribute, prorata, toward payment of the cost of the settlement and legal fees and other expenses of the litigation.").

- *HRH Constr. Corp. v. Commercial Underwriters Ins. Co.*, 783 N.Y.S.2d 351, 354 (1st Dep't 2004) ("[P]laintiffs have failed to establish that the instant dispute involves a coinsurance situation, which would entitle them to recover a ratable portion of the settlement paid.").

- *Tops Markets, Inc. v. Md. Cas.*, 700 N.Y.S.2d 325, 326 (4th Dep't 1999) ("Royal was obligated to contribute its ratable share of the settlement.").

- *Nat'l Union Fire Ins. Co. v. Hartford Ins. Co.*, 677 N.Y.S.2d 105, 110 (1st Dep't 1998) ("Where two or more insurers bind themselves to the same risk and one pays the whole loss, the paying insurer has a right of action against his coinsurers for a ratable portion of the amount paid.").

- *Puritan Ins. Co. v. Continental Cas. Co.*, 599 N.Y.S.2d 602, 603 (1st Dep't 1993) ("Puritan may nevertheless seek reimbursement from defendant Continental, as a co-insurer of the same risk, for their proportionate share of the amount paid").

- *Zurich-Am. Ins. Cos. v. Atl. Mut. Ins. Cos.*, 531 N.Y.S.2d 911, 916 (1st Dep't 1988), aff'd, 717 N.E.2d 1077 (N.Y. 1999) ("If several insurers bind themselves to the same risk and one insurer pays the whole loss, the one so paying has a right of action against his coinsurers for a ratable proportion of the amount paid by him because he has paid a debt which is equally and currently due by the other insurers.").

- *Atl. Mut. Ins. Co. v. Atl. Nat. Ins. Co.*, 326 N.Y.S.2d 438, 439 (1st Dep't 1971) ("Each policy assumed the same risk and both must contribute, prorata" (internal citation omitted)).

- *Va. Sur. Co. v. Travelers Prop. Cas. Co. of Am.*, 34 Misc. 3d 1216(A), 2012 WL 246087, *4 (Sup. Ct. N.Y. Cnty. Jan. 12, 2012) ("[P]aying insurer has a right of action against his coinsurers for a ratable portion of the amount paid." (internal citation omitted)).

6.      In support of its January 22, 2018 Motion for Summary Judgment, Olin submitted the Declaration of Jerry Ronecker (the "Ronecker Declaration"). Exhibit 1 of the Ronecker Declaration purports to calculate damages and prejudgment interest to which Olin is entitled for the five environmental sites at issue in the instant remand proceedings based on invoices related to Olin's environmental remediation costs.

7.      For example, Mr. Ronecker stated that he "followed the methodology as to prejudgment interest previously applied by this Court to the Five Sites judgments and affirmed by the United States Court of Appeals for the Second Circuit." Ronecker Decl. ¶ 10. That calculation would be the product of the following: Invoice Date $\times$ Number of Years $\times$ 0.09. *Id.*

8.      However, Mr. Ronecker's calculations are flawed. By way of example, on page 83 of Exhibit 1 Mr. Ronecker lists four invoices for the Rochester site labeled "Groundwater surcharge" ($32,055.66), "Property Insurance" ($313.56), "Other insurance" ($96.35), and "Property Tax" ($175.62). Although it appears that these invoices were from 2015, no dates are listed for these invoices.

9.      Assuming the missing invoice date for the "Groundwater surcharge" invoice was sometime in 2015, following the calculation above, the simple prejudgment interest on that invoice should be between approximately $6,000 to $9,000. However, Ronecker's table shows a calculation of prejudgment interest on the "Groundwater surcharge" invoice for $340,731.47.

10.     It appears that Mr. Ronecker's calculation for prejudgment interest assumed that where no invoice date is listed in the spreadsheet, the invoice date to be used to calculate

5

prejudgment interest is the Excel default date of January 1, 1900 (which is plainly not the correct date). If that January 1, 1900 date is used, the total number of days between January 1, 1900 and February 12, 2018 is 43,108 days, which amounts to 118.104 years. Inputting 118.104 years into Mr. Ronecker's formula results in the following interest calculation: $32,055.66 \times 118.104 \times 0.09 = 340,731.47$. This yields an overstatement of prejudgment interest of more than $330,000 for that one invoice.

11. The calculations of prejudgment interest for the "Property Insurance," "Other insurance," and "Property Tax" invoices similarly overstate prejudgment interest. These are examples of errors in Mr. Ronecker's calculations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   February 9, 2018

 /s/ *Susannah S. Geltman*
Susannah S. Geltman