**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

OLIN CORPORATION,                                   :

               Plaintiff,

                               :     84 Civ. 1968 (JSR)

      - against -

                               :

LAMORAK INSURANCE COMPANY,

                               :

               Defendant.
------------------------------------------------------------x

LAMORAK INSURANCE COMPANY
f/k/a/ OneBeacon America Insurance Company,       :

               Third-Party Plaintiff,

                               :

      - against -

                               :

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON and LONDON MARKET                          :
INSURANCE COMPANIES, ET AL.,

                               :

               Third-Party Defendants.
------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF OLIN CORPORATION'S MOTION TO STRIKE**
**THE EXPERT REPORTS AND TESTIMONY OF MARC C. SCARCELLA**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ...........................................................................................................1

ARGUMENT ................................................................................................................1

I.  The Opinions Disclosed In Mr. Scarcella's Expert Reports Should Be Stricken. ....................1

   A.  Mr. Scarcella's Policy Limit Reduction Opinion Should Be Excluded Because It
      Is Based On An Error Of Fact. ...........................................................................2

   B.  Mr. Scarcella's ███████████████████████████████
      ██████████████ That Are Being Litigated In State Court. ...................................4

II.  The New Opinions Disclosed In Mr. Scarcella's Summary Judgment Declaration
    Should Be Excluded Because They Are Premised On An Error Of Law. ...............................5

CONCLUSION ...............................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Amorgianos v. Nat'l R.R. Passenger Corp.*,
   303 F.3d 256 (2d Cir. 2002)..................................................................7

*Chen-Oster v. Goldman, Sachs & Co.*,
   114 F. Supp. 3d 110 (S.D.N.Y. 2015)....................................................5

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993)............................................................................1

*General Electric Co. v. Joiner*,
   522 U.S. 136 (1997)............................................................................4

*In re Pfizer Sec. Litig.*,
   819 F.3d 642 (2d Cir. 2016)..............................................................6, 7

*In re Refco Inc. Sec. Litig.*,
   2012 WL 7007795 (S.D.N.Y. Nov. 29, 2012) ........................................7

*Koppers Co. v. Aetna Cas. & Sur. Co.*,
   98 F.3d 1140 (3d Cir. 1996).................................................................6

*Leverette v. Louisville Ladder Co.*,
   183 F.3d 339 (5th Cir. 1999) ...............................................................7

*MF Global Holdings Ltd. v. PricewaterhouseCoopers LLP*,
   232 F. Supp. 3d 558 (S.D.N.Y. 2017)....................................................5

*Olin Corp. v. OneBeacon Am. Ins. Co*,
   864 F.3d 130 (2d Cir. 2017)..........................................................2, 3, 6

*Pakootas v. Teck Cominco Metals, Ltd.*,
   2012 WL 1833397 (E.D. Wash. Apr. 4, 2012) .......................................7

OTHER AUTHORITIES

Fed. R. Evid. 702(a).....................................................................................5

Fed. R. Evid. 702(b)-(d)...............................................................................1

## INTRODUCTION

In its motion to strike, Olin demonstrated that the two opinions Mr. Scarcella disclosed in his reports should be stricken.  ECF No. 2089 ("Olin Br.").  First, Olin showed that Mr. Scarcella's ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████.  Second, Olin showed that Mr. Scarcella's opinions ████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████  Those questions are not before the Court because they are the subject of Lamorak's pending litigation against the London Market Insurers in New York state court.

Lamorak scarcely acknowledges Olin's arguments.  *See* ECF No. 2114 ("Lamorak Br."). Instead, it takes the position that all opinions are admissible that accord with a party's theory of the case.  *E.g.*, Lamorak Br. 1-2.  Not so.  An opinion predicated on an error of law or a misstatement of fact is not admissible simply because it coincides with a party's theory of the case. Rather, an expert's opinion is admissible only if it is properly grounded in demonstrable facts and the controlling law.  *See* Fed. R. Evid. 702(b)-(d); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).  Because Mr. Scarcella's opinions suffer from both defects, his expert reports should be stricken and his testimony excluded in its entirety.

## ARGUMENT

**I.  The Opinions Disclosed In Mr. Scarcella's Expert Reports Should Be Stricken.**

Lamorak only halfheartedly defends the opinions Mr. Scarcella disclosed as part of his two expert reports.  That is because Lamorak has effectively disclaimed reliance on those opinions. Indeed, Lamorak concedes that the "specific judgment scenarios in Scarcella's reports"—the opinions Olin has moved to strike—"do not appear in the declaration by Scarcella that supports

Lamorak's motion for summary judgment" and thus "are not otherwise before this Court on summary judgment."  Lamorak Br. 10 n.11.  Initially, this Court should exclude Mr. Scarcella's opinions because Lamorak is apparently no longer relying on them.  But in all events, even if an expert opinion that the propounding party all but abandons need not be stricken, Lamorak has utterly failed to justify the foundational shortcomings in Scarcella's opinions that Olin highlighted in its motion to strike.

A.    **Mr. Scarcella's Policy Limit Reduction Opinion Should Be Excluded Because It Is Based On An Error Of Fact.**

Mr. Scarcella's supplemental report takes the position that Lamorak ███████████ ████████████████████████████████████████████████████  *See* ECF No. 2090 (Declaration of Craig C. Martin) at Ex. 1 ¶ 11, Ex. 2 ¶ 6.  As Olin explained in its opening brief, however, it is established for purposes of this litigation that McIntosh consists of two different sites – comprising separate losses – and that if they are viewed as two different sites, ██████████████████ █████████████████████████████████████████

Lamorak nevertheless argues that it may offer an opinion premised on the notion of a single McIntosh site because that accords with its "theory of the case."  Lamorak Br. 11-12.  But Lamorak is wrong that the "legal premises" underlying the assumption that McIntosh is a single site, rather than two different sites delineated as OU1 and OU2, "have yet to be addressed and decided."  Lamorak Br. 6 & n.5.  As Olin explained in its motion, the Second Circuit held that McIntosh OU1 and OU2 are different sites.  *See* Olin Br. 9-10 (citing *Olin Corp. v. OneBeacon Am. Ins. Co*, 864 F.3d 130, 145, 150 (2d Cir. 2017) ("*Olin IV*")).  Lamorak seeks to evade that fact by arguing that the Second Circuit did not explicitly decide the "legal question of whether Olin's claims for McIntosh OU1 and OU2 constitute … one 'loss' under the Lamorak policies."  Lamorak Br. 11 n.17.  But Lamorak fails to explain how McIntosh OU1 and McIntosh OU2 could be distinct sites

when determining whether Olin has a claim, but the same site when determining what policy limits apply.  At best, Lamorak argues that it can stake out this incongruous position because the 1970 policies do not define the term "loss."  Lamorak Br. 11.  But even with respect to that argument, Lamorak ignores that the Second Circuit necessarily distinguished between a "loss" associated with the McIntosh OU1 trial and settlement in 2006 and a "loss" associated with OU2, for which "Olin held off in pursuing its indemnification claims" because "cleanup at OU2 was still ongoing," *Olin IV*, 864 F.3d at 145.  So far from being an "undecided legal question," the distinction between the losses at McIntosh OU1 and McIntosh OU2 was first adjudicated by this Court and affirmed by the Second Circuit on appeal.

Even if this issue had not already been decided as a matter of law, for an expert opinion to be reliable it must be based on more than just the counterfactual say-so of counsel.  Olin demonstrated that the record evidence uniformly treats McIntosh OU1 and McIntosh OU2 as distinct.  As discussed above, the Second Circuit held them to be distinct in *Olin IV*, resulting in Lamorak paying no losses for McIntosh OU1 (by virtue of its earlier release), but being found liable for substantial losses for McIntosh OU2. ████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

██

In its response brief, Lamorak proffers no record evidence to support its "assumption" that McIntosh OU1 and OU2 are, in fact, fungible.  Instead, Lamorak relies only on an *ipse dixit*

"theory" that despite all evidence to the contrary, the two sites should be treated as one.  But theories, alone, do not make an expert's opinion reliable; and where an expert relies on assumptions, those assumptions must be reasonable.  *See General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997).  In light of the overwhelming evidence that the sites are actually separate, and in the absence of evidence to the contrary, ███████████████████████████████████ ████████████ is unsupported and unreasonable, which renders his opinions premised on that assumption unreliable and inadmissible.

**B.**     **Mr. Scarcella's** ████████████████████████████████
████████████████████ **That Are Being Litigated In State Court.**

█████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ As this Court stated,

it would be "inappropriate" for this Court to "to determine how much the London Market Insurers

owe in contribution, since that is the very subject that the New York state court is presently

adjudicating." ECF No. 2123 at 9 n.3. ████████████████████████████

████████████████████████████████████████████████████

████████    *See* Fed. R. Evid. 702(a) (requiring that expert testimony "help the trier of fact . . . to

determine a fact in issue"); *Chen-Oster v. Goldman, Sachs & Co.*, 114 F. Supp. 3d 110, 125

(S.D.N.Y. 2015) ("In order to be admissible under Rule 702 and *Daubert*, an expert opinion must

be 'relevant to the task at hand'" (citation omitted)); *cf. MF Global Holdings Ltd. v.*

*PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 571 (S.D.N.Y. 2017) (excluding expert

testimony on a legal question that was no longer before the Court).

## II.    The New Opinions Disclosed In Mr. Scarcella's Summary Judgment Declaration Should Be Excluded Because They Are Premised On An Error Of Law.

Lamorak devotes the bulk of its brief to defending opinions proposed by Mr. Scarcella for

the first time in a declaration attached both to Lamorak's opposition to Olin's motion for summary

judgment and Lamorak's cross-motion for summary judgment.  *See* Lamorak Br. 3, 7-9; *see* ECF

Nos. 2111 (Lamorak's brief in opposition to Olin's summary judgment motion), 2095 (Lamorak's

brief in support of its summary judgment motion).  These new opinions are no more admissible

than Mr. Scarcella's prior opinions for a simple reason:  they are contrary to the controlling law.[1]

---

[1] Mr. Scarcella's newly-minted opinions in his declaration also suffer from myriad methodological flaws and other errors.  Olin reserves the right to challenge Mr. Scarcella's opinions and calculations on those grounds as well.

*First*, Mr. Scarcella calculates a policy limit reduction under the Prior Insurance Provision of Condition C by assuming that any settlement by a prior insurer is treated as though that insurer paid up to its policy limits.  But that assumption is incorrect for reasons more fully developed in Olin's reply brief supporting its motion for summary judgment.  *See* ECF No. 2129; *see also* ECF No. 2116 at 9-13 (Olin's response to Lamorak's summary judgment motion).  In short, the Second Circuit already has considered and rejected this contention and the *Viking Pump* decision from the New York Court of Appeals forecloses this backdoor attempt to reinstitute the old *pro rata* approach in light of that court's embrace of an all-sums regime.

*Second*, Mr. Scarcella calculates the effect on Olin's recovery as if it is assumed that New York will adopt the *pro rata* set-off approach that the Third Circuit in *Koppers Co. v. Aetna Cas. & Sur. Co.*, 98 F.3d 1140 (3d Cir. 1996) predicted is part of Pennsylvania law.  This assumption is unfounded, too.  As Olin has explained in its reply brief supporting its motion for summary judgment, that asserted set-off is nothing more than a backdoor attempt to litigate the amount of any equitable contribution directly in this Court, when that issue is to be determined by the state court presiding over Lamorak's equitable contribution claims, and to expand any set-off beyond what the insurance policy expressly contemplates in the Prior Insurance provision.  *See* ECF No. 2129 at 7-10; *see also* ECF No. 2116 at 18-19 (Olin's response to Lamorak's summary judgment motion); *accord* ECF No. 2123 at 9 n.3; *Olin IV.*, 864 F.3d at 150.  Lamorak's asserted *pro rata* set-off is also contrary to New York law, which, like the majority of all sums jurisdictions, applies a *pro tanto* method for set-off, not a *pro rata* one. Olin Br. 19; *see also* ECF No. 2129 at 9-10.

Lamorak makes a single argument in response:  it may offer expert testimony in support of its theory of the case so long as that theory remains an open question of law.  *See* Lamorak Br. 1-2, 6 (citing *In re Pfizer Sec. Litig.*, 819 F.3d 642, 659 (2d Cir. 2016)).  But Lamorak may not submit

expert testimony to support a theory that is invalid as a matter of law.  *See* Olin Br. 9; *see also Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 341-42 (5th Cir. 1999) (affirming exclusion of expert opinion applying to liability theory that was unavailable as a matter of law); *In re Refco Inc. Sec. Litig.*, 2012 WL 7007795, at *5 & n.7 (S.D.N.Y. Nov. 29, 2012) (excluding expert testimony only relevant to issues already decided by the court); *Pakootas v. Teck Cominco Metals, Ltd.*, 2012 WL 1833397, at *1 (E.D. Wash. Apr. 4, 2012) (finding expert opinions "rendered irrelevant" because they related to a "defense which the court has dismissed as a matter of law"); *see also Pfizer*, 819 F.3d at 648-49 & n.4, 655, 661 (emphasizing that it was permitting expert testimony but taking no position on the validity of plaintiff's novel legal theory).  Because that is just what would occur if Mr. Scarcella's new summary judgment opinions were offered, his testimony should be excluded.  *See, e.g.*, *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265-66 (2d Cir. 2002).

## CONCLUSION

For the forgoing reasons, as well as those articulated in Olin's opening brief, the Court should strike the expert reports and opinions of Marc C. Scarcella.

Respectfully submitted,

OLIN CORPORATION

Dated:  February 9, 2018          */s/ Craig C. Martin*

**JENNER & BLOCK LLP**
Craig C. Martin
Peter J. Brennan
Matthew J. Thomas
353 N. Clark Street
Chicago, Illinois 60654
312-222-9350

-- and --

**HUSCH BLACKWELL LLP**
Alan E. Popkin
David W. Sobelman
Jerry Ronecker
Joel B. Samson
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500

***Attorneys for Plaintiff Olin Corporation***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing REPLY MEMORANDUM OF LAW IN SUPPORT OF OLIN CORPORATION'S MOTION TO STRIKE THE EXPERT REPORT OF MARC C. SCARCELLA was served on the following Counsel of Record via CM/ECF and by e-mail on February 9, 2017:

| | |
|---|---|
| Ralph J. Luongo<br>Elaine Whiteman Klinger<br>Bradley J. Mortensen<br>Benjamin A. Blume<br>Erik B. Derr<br>Victoria Allen<br>Elizabeth A. Sutton<br>Diana M. Karnes<br>Gary S. Kull<br>KENNEDYS CMK, LLP<br>Two Liberty Place<br>Suite 2625<br>Philadelphia, PA 19102<br>Ralph.Luongo@kennedyscmk.com<br>Elaine.Klinger@kennedyscmk.com<br>Bradley.Mortensen@kennedyscmk.com<br>Benjamin.Blume@kennedyscmk.com<br>Erik.Derr@kennedyscmk.com<br>Victoria.Allen@kennedyscmk.com<br>Elizabeth.Sutton@kennedyscmk.com<br>Diana.Karnes@kennedyscmk.com<br>Gary.Kull@kennedyscmk.com<br><br>Miranda H. Turner<br>James P. Ruggeri<br>Joshua P. Mayer<br>SHIPMAN & GOODWIN LLP<br>1875 K Street NW, Suite 600<br>Washington, DC 20006<br>mturner@goodwin.com<br>jruggeri@goodwin.com<br>jmayer@goodwin.com | Matthew B. Anderson<br>John McAndrews<br>William Seo<br>MENDES & MOUNT, LLP<br>750 Seventh Avenue<br>New York, NY 10019-6829<br>Matthew.Anderson@mendes.com<br>john.mcandrews@mendes.com<br>William.seo@mendes.com<br><br>Michael L. Anania<br>Gregory R. Bruno<br>FORD, MARRIN, ESPOSITO, WITMEYER<br>& GLESER, LLP<br>Wall Street Plaza<br>New York, NY 10005<br>manania@fordmarrin.com<br>gbruno@fordmarrin.com<br><br>Robert J. Bates, Jr.<br>BATES & CAREY LLP<br>191 North Wacker Drive<br>Suite 2400<br>Chicago, IL 60606<br>rbates@batescarey.com<br><br>Michael J. Balch<br>BUDD LARNER, P.C.<br>150 John F. Kennedy Parkway<br>Short Hills, NJ 07078<br>mbalch@buddlarner.com |

*/s/ Gabriel K. Gillett*