**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

OLIN CORPORATION,                               :

      Plaintiff,                                :

  - against -                                    :

LAMORAK INSURANCE COMPANY,        :

      Defendant.                              :
------------------------------------------------------------x

LAMORAK INSURANCE COMPANY          :       84 Civ. 1968 (JSR)
f/k/a/ OneBeacon America Insurance Company,
                                                 :

      Third-Party Plaintiff,               :

  - against -                                    :

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON and LONDON MARKET
INSURANCE COMPANIES, ET AL.,          :

      Third-Party Defendants,        :

  - and -                                           :

OLIN CORPORATION,                               :

      Third-Party Defendant-Intervenor.
------------------------------------------------------------x

**PLAINTIFF OLIN CORPORATION'S STATEMENT REGARDING CALCULATION**
**OF PREJUDGMENT INTEREST AS TO THE REVISED FIVE SITES JUDGMENT**

        Pursuant to the Court's Opinion and Order dated April 17, 2018 (the "Order"), Plaintiff Olin Corporation ("Olin") submits this Statement Regarding Calculation Of Prejudgment Interest As To The Revised Five Sites Judgment.

1

The Court has held that Defendant Lamorak Insurance Company ("Lamorak") is liable to Olin for $57,729,689.44 in costs on the Five Sites through 2016, less a setoff based on Olin's settlements with other insurers of $2,664,486.26, resulting in a liability after accounting for the setoff but prior to including prejudgment interest of $55,065,203.18.  (Order at 3.)  The Court further has ruled that "pre-judgment interest is properly calculated on the damages amount that Lamorak is ordered to pay after application of a set-off or judgment reduction" (*id.* at 36), and has asked the parties to calculate "how much prejudgment interest would be added were the Court to enter judgment on the Five Sites as of April 30, 2018," (*id.* at 59).

Consistent with the Court's directive, Olin has calculated the prejudgment interest component of the revised Five Sites judgment after accounting for setoff as follows:

- First, to account for the $2,664,486.26 setoff ordered by the Court, that setoff has been spread equitably across the $57,729,689.34[1] in post-deductible invoices by reducing each post-deductible invoice by the percentage of the Court's setoff against the overall stipulated invoice costs (*i.e.* $2,664,486.26 divided by $57,729,689.34).  That setoff percentage is equal to approximately 4.62%.  As indicated in the accompanying April 23, 2018 Declaration of Jerry K. Ronecker ("Ronecker Decl."), and the spreadsheet attached thereto as Exhibit 1, reducing each invoice by that percentage results in an adjusted judgment amount of $55,065,203.08.[2]

- Second, to calculate the amount of prejudgment interest at the New York statutory prejudgment rate of 9% per annum[3] that accrued on the setoff-adjusted

---

[1]  Due to a typographical error in Olin's January 22, 2018 Memorandum of Law in Support of Summary Judgment on the Amount of the Recalculated Judgments on the Five Remand Sites, the number stated by the Court is actually $0.10 higher.  The stipulated invoice costs after deductible should be $57,729,689.**34**, rather than $57,729,689.**44**.  Olin has used the corrected amount for purposes of its calculations in this submission, and Olin also used this corrected amount in its March 8, 2018 Corrected Supplemental Brief On The Parties' Cross-Motions For Summary Judgment.

[2]  This number corresponds to the Court's calculation of the adjusted judgment, which, as explained above, was stated to be $0.10 higher than the correct number.  The adjusted judgment amount should be $55,065,203.**08**, rather than $55,065,203.**18**.

[3]  *See* N.Y. C.P.L.R. § 5004.

2

invoice amount for each invoice, the methodology previously applied by this Court to the Five Sites judgments and affirmed by the Second Circuit provides that "Olin is deemed to have paid . . . all other [than MACTEC and AMEC] invoices thirty-five (35) days after the date of such invoices." ECF No. 1819 ¶ 14; ECF No. 1831 ¶ 9; *Olin Corp. v. OneBeacon Am. Ins. Co.*, 864 F.3d 130, 151-52 (2d Cir. 2017). For MACTEC and AMEC invoices (identified in the McIntosh OU2, Rochester, Augusta, and final sections of the spreadsheet attached to the Ronecker Declaration), the Court previously determined that "Olin is deemed to have paid all invoices from MACTEC and AMEC five (5) days after the date of such invoices . . . ." ECF No. 1819 ¶ 14; *Olin Corp.*, 864 F.3d at 151-52. Consistent with those rulings, prejudgment interest for the MACTEC and AMEC invoices is calculated beginning five days after the date of the invoice, and interest for all other invoices should be calculated beginning thirty-five days after the date of each such invoice. This is the same method applied in the March 6, 2018 Supplemental Declaration of Jerry Ronecker in support of Olin's Supplemental Brief On The Parties' Cross-Motions For Summary Judgment. *See* ECF No. 2153.

Applying the above methodology through to April 30, 2018 results in a total prejudgment interest award, after accounting for setoff, of $75,373,943.04. Adding that amount to the after-setoff stipulated costs of $55,065,203.08 results in a total setoff-adjusted revised judgment of **$130,439,146.12**, inclusive of prejudgment interest. *See* Ronecker Decl. ¶¶ 5-6 and Ex. 1.

The above-described method thus spreads the setoff reduction proportionately across each post-deductible invoice over time. This methodology not only yields the most equitable result, it is also consistent with how the parties have previously treated setoffs. For example, for purposes of arriving at the stipulated costs in the Five Sites judgment related to the Augusta Site, the parties agreed to deduct certain groundwater-related costs, which the parties and the Court accomplished by setting off a certain percentage of each groundwater-related invoice, and then running prejudgment interest on the post-setoff amounts. *See* Ronecker Decl. ¶ 5.

Other potential methods of calculating prejudgment interest should not be adopted. It would be unreasonable, for example, to apply the setoff to only the earliest-in-time invoices at each site, *i.e.*, zeroing out post-deductible invoices in chronological order beginning with the

earliest-in-time invoice at each of the Five Sites until the setoff amounts for each site were met. There is no basis for that approach in either the Lamorak policies or the relevant settlement agreements. Moreover, that method would yield an arbitrary and substantially understated prejudgment interest award (nearly $2.8 million smaller)—a windfall to Lamorak—because, under this method, Olin would not begin accumulating interest on its recoverable costs until far later in time than they actually were incurred. Illustrating the arbitrariness of this approach, applying this same methodology but in reverse chronological order (*i.e.* applying the setoff by zeroing out the latest-in-time invoices at each site first) would yield a substantially increased prejudgment interest award (nearly $2.7 million larger)—an outcome with which Lamorak likely would take issue. Given the arbitrariness inherent in either method, the Court should reject these and similar alternative approaches and adopt the proportional, invoice-by-invoice setoff method presented by Olin.

Finally, the Second Circuit's ruling affirming the judgments of liability against Lamorak as to the Five Sites requires Lamorak to reimburse Olin for its ongoing and future costs in connection with the Five Sites. The parties have agreed to the amount of Olin's costs through December 2016, which amount was used for purposes of calculating the revised judgment. However, Olin has since incurred additional recoverable costs related to the Five Sites and anticipates that it will continue to incur such costs in the future. Although Olin has not included any costs beyond 2016 in its prejudgment interest calculations, Olin respectfully requests that, as part of the revised judgment, the Court direct Lamorak to timely pay all such costs that Olin has incurred or may incur from January 1, 2017 forward in connection with the Five Sites, to the extent covered by the relevant Lamorak policies, and up to the policy limits of those Lamorak policies,

and based on invoices submitted or to be submitted to Lamorak, pursuant to the unchallenged and affirmed procedures set forth in the original Five Sites judgments.

For the Court's convenience, Olin has attached a draft Rule 54(b) judgment as <u>Exhibit A</u> that is similar in format to the prior Rule 54(b) judgments entered in this action.  This draft Rule 54(b) judgment is meant to reflect the Court's rulings with respect to the Five Sites, regardless of whether Olin agreed or, as in some cases, disagreed with those rulings.  Consistent with the Court's Opinion and Order, it consists of two judgments—one completely disposing of Olin's claims with respect to the Five Sites against Lamorak and a separate judgment completely disposing of Certain Underwriters at Lloyd's, London and London Market Insurance Companies' ("London") claim against Olin with respect to the Five Sites.  The two judgments are included in a single, integrated draft Rule 54(b) judgment because they are related—the amount Lamorak is ordered to pay Olin as a result of Olin's claims against Lamorak is, as a result of the resolution of London's claims against Olin, ordered to be put into an escrow account that Olin must then use to pay to London to satisfy any possible obligations that London may have to pay Lamorak as a result of a final judgment in favor of Lamorak against London on which all appeals have been exhausted.

...

          Respectfully Submitted,

          OLIN CORPORATION

Dated:  April 23, 2018           */s/ Craig C. Martin*

**JENNER & BLOCK LLP**
Craig C. Martin
Peter J. Brennan
Matthew J. Thomas
Matthew E. Price
353 N. Clark Street
Chicago, Illinois 60654
312-222-9350

-- and --

**HUSCH BLACKWELL LLP**
David W. Sobelman
Jerry Ronecker
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-480-1500

*Attorneys for Plaintiff Olin Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served on the following Counsel of Record via CM/ECF on April 23, 2018:

| | |
|---|---|
| Ralph J. Luongo<br>Elaine Whiteman Klinger<br>Bradley J. Mortensen<br>Benjamin A. Blume<br>Erik B. Derr<br>Victoria Allen<br>Elizabeth A. Sutton<br>Diana M. Karnes<br>Gary S. Kull<br>KENNEDYS CMK, LLP<br>Two Liberty Place<br>Suite 2625<br>Philadelphia, PA  19102<br>Ralph.Luongo@kennedyscmk.com<br>Elaine.Klinger@kennedyscmk.com<br>Bradley.Mortensen@kennedyscmk.com<br>Benjamin.Blume@kennedyscmk.com<br>Erik.Derr@kennedyscmk.com<br>Victoria.Allen@kennedyscmk.com<br>Elizabeth.Sutton@kennedyscmk.com<br>Diana.Karnes@kennedyscmk.com<br>Gary.Kull@kennedyscmk.com<br><br>Bryce L. Friedman<br>Susannah S. Geltman<br>SIMPSON THACHER & BARTLETT  LLP<br>425 Lexington Avenue<br>New York, NY 10017-3954<br>bfriedman@stb.com<br>sgeltman@stb.com<br><br>Michael J. Balch<br>BUDD LARNER, P.C.<br>150 John F. Kennedy Parkway<br>Short Hills, NJ  07078<br>mbalch@buddlarner.com | Matthew B. Anderson<br>John McAndrews<br>William Seo<br>MENDES & MOUNT, LLP<br>750 Seventh Avenue<br>New York, NY  10019-6829<br>Matthew.Anderson@mendes.com<br>john.mcandrews@mendes.com<br>William.seo@mendes.com<br><br>Michael L. Anania<br>Gregory R. Bruno<br>FORD, MARRIN, ESPOSITO, WITMEYER & GLESER, LLP<br>Wall Street Plaza<br>New York, NY  10005<br>manania@fordmarrin.com<br>gbruno@fordmarrin.com<br><br>Robert J. Bates , Jr.<br>BATES & CAREY LLP<br>191 North Wacker Drive<br>Suite 2400<br>Chicago, IL 60606<br>rbates@batescarey.com<br><br>Miranda H. Turner<br>James P. Ruggeri<br>Joshua P. Mayer<br>SHIPMAN & GOODWIN LLP<br>1875 K Street NW, Suite 600<br>Washington, DC  20006<br>mturner@goodwin.com<br>jruggeri@goodwin.com<br>jmayer@goodwin.com |

*/s/ Gabriel K. Gillett*