**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- X

OLIN CORPORATION,

                Plaintiff,

                                                      84 Civ. 1968 (JSR)

   -against-

                                                     [~~PROPOSED~~] **AMENDED**
                                                     **PROTECTIVE ORDER AND**

LAMORAK INSURANCE COMPANY,           **DISCLOSURE ORDER**

                Defendant.

------------------------------------------------------------- X

JED S. RAKOFF, U.S.D.J.

      The parties having agreed to the following terms of confidentiality, the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, and the Court having found that disclosure of certain confidential discovery is warranted, it is therefore hereby

      ORDERED that the following must be disclosed in this action and constitute Confidential Discovery Material (as defined in this Order):

      (A)    Copies of any settlement agreements between (i) Olin Corporation ("Olin") on the one hand and any of (ii) Certain Underwriters at Lloyd's, London, and London Market Insurance Companies, Continental Casualty Company, General Reinsurance Corporation, American Re-Insurance Company, or Century Indemnity Company (as successor-in-interest to the Insurance Company of North America) (collectively, "Other Insurers") on the other hand and concerning both (a) any of the excess or umbrella liability (i.e., non-primary) insurance policies issued to Olin by the Other Insurers from approximately 1950 through 1969 at the same layer of insurance coverages as Lamorak insurance policies EY 8057-011, EY 8057-012, and EY 8057-013 and (b) the issues to be tried in this action on remand ordered by *Olin Corp. v. OneBeacon America*

*Insurance Co.*, 864 F.3d 130 (2d Cir. 2017), or the issues to be tried as to Olin's Fourth Amended Complaint in this action, as well as any settlement agreements and related communications between (i) General Dynamics–Ordnance and Tactical Systems ("GD-OTS") on the one hand and any of (ii) the potentially responsible parties (as defined in CERCLA, 42 U.S.C. §§ 9601 *et seq.* at the Crab Orchard National Wildlife Refuge Site, including the Additional and Uncharacterized Sites Operable Unit ("AUS OU"), or the United States, on the other hand, concerning (a) the settlement of any costs related to the study, review, or remediation of the AUS OU or (b) the enforcement of CERCLA at the AUS OU (collectively, the "Settlement Agreements"); and

  (B) Copies of any non-attorney client privileged or non-attorney work product protected communications regarding the Settlement Agreements ("Settlement Communications").

  And it is therefore hereby ORDERED that the Settlement Agreements and Settlement Communications also may be disclosed to any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

  And it is therefore hereby ORDERED that any person subject to this Order-including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order-shall adhere to the following terms, upon pain of contempt:

  1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this

action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b) previously nondisclosed material relating to ownership or control of any company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) the Settlement Agreements and Settlement Communications, as defined above;

(e) any information of a personal or intimate nature regarding any individual;

(f) previously nondisclosed material relating to study, review, or remediation of the AUS OU; or

(g) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential

information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the parties to this action and the following individuals—Pamela Post, Mark Muth, Thomas M. Ryan, James McKay, and Anna Speros (and such other persons, upon written notice to Olin, and in the event of objection, following order or other guidance of the Court)— employed by Resolute Management, Inc. who are empowered by Lamorak as administrators to direct counsel for Lamorak in this litigation, and to other individuals employed by Resolute Management, Inc. that are empowered by any third party defendant(s) to direct counsel for those third party defendant(s) so long as those individuals are not those listed above, and to administrators other than Resolute Management, Inc. that are not empowered to direct counsel for more than one party to this litigation; provided, however, that the Court notes (without in any way considering or deciding) that Olin objects to and reserves all rights to challenge any conflicts or raise any other issues created by Lamorak's use of Resolute Management, Inc. to direct the actions

of its counsel while Resolute Management, Inc. also is serving as administrators directing counsel for third-party defendants in this litigation;

  (b) counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

  (c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

  (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  (e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  (f) stenographers engaged to transcribe depositions conducted in this action;

  (g) the Court and its support personnel; and

  (h) the defendants' and third-party defendants' reinsurers, as required and/or requested by them, in the ordinary course of the making and adjustment of any reinsurance claim.

  6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

8. The parties may file Confidential Discovery Material under seal without first seeking the Court's permission, subject to the parties' best efforts to avoid unnecessary sealing.

9. Any party who either objects to any designation of confidentiality or filing under seal, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

10. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been scaled or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter. This Order is entered, inter alia, pursuant to Rule 502(d) of the Federal Rules of Evidence, and disclosures shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection in any other federal or state proceeding.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

17.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

18.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| /s/ Craig C. Martin | /s/ Elaine Whiteman Klinger |
|---|---|
| Dated: 06-19-2020 | Dated: 06-19-2020 |

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:   New York, New York
         JUNE 19 , 2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- X

OLIN CORPORATION,

                      Plaintiff,

    -against-

LAMORAK INSURANCE COMPANY,

                      Defendant.

------------------------------------------------------------- X

84 Civ. 1968 (JSR)

**NON-DISCLOSURE**

    I, _____ , acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

  Dated: _____                                   _____