```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
OLIN CORPORATION,                    :
                                     :   84-cv-1968 (JSR)
          Plaintiff,                 :
                                     :
          -v-                        :
                                     :   MEMORANDUM ORDER
LAMORAK INSURANCE COMPANY,           :
                                     :
          Defendant.                 :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

Now before the Court is the motion of defendant Lamorak Insurance Company ("Lamorak") for a stay of judgment either pending appeal without posting a bond or other security or in light of recently-entered liquidation order entered by the Commonwealth Court of Pennsylvania (the "Liquidation Order"), which purports to stay all actions currently pending against Lamorak "in the courts of the Commonwealth of Pennsylvania or elsewhere." Dkt. No. 2477-1, ¶ 13. For the reasons set forth below, Lamorak's motion for a stay pending appeal is denied but Lamorak's motion for a stay pursuant to the Liquidation Order is granted.

I. Background

Familiarity with the general background to this case is here assumed. See Opinion and Order dated February 4, 2021, Dkt. No. 2458. As relevant here, on February 12, 2021, the Court entered judgment in favor of plaintiff Olin Corporation ("Olin") and

against defendant Lamorak in the amount of $49,346,803. Dkt. No. 2464. Lamorak filed a notice of appeal on March 5, 2021. Dkt. No. 2465. Lamorak claims that it cannot secure a supersedeas bond because it is insolvent. Lamorak Insurance Company's Memorandum of Law in Support of its Motion to Stay ("Lamorak Mem."), Dkt. No. 2468, at 6. On March 2, 2021, the Insurance Commissioner of the Commonwealth of Pennsylvania filed a petition in the Commonwealth Court of Pennsylvania seeking an order placing Lamorak in liquidation on the ground, inter alia, that Lamorak is insolvent. Dkt. No. 2469-1. Lamorak consented to liquidation. Id. ¶ 23. Thereafter, Lamorak filed the instant motion seeking a stay of judgment without posting a bond or other security either pending appeal or, in the alternative, a limited stay to permit the Commonwealth Court of Pennsylvania to rule on the Petition.[1]

On March 11, 2021, after the motion was fully briefed,[2] Lamorak filed a "Notice of Entry of Order of Liquidation," and included as an exhibit the Commonwealth Court of Pennsylvania's

---

[1]   Also in the alternative, Lamorak seeks a temporary stay to allow it to apply to the Second Circuit for a stay pursuant to Federal Rule of Appellate Procedure 8(a)(2). That request is moot because, for the reasons set forth below, the Court grants Lamorak's preferred form of relief.

[2]   Earlier in the day on March 11, 2021, Lamorak filed, without prior permission and in violation of the Court's Individual Rules, a motion for leave to file a reply brief. Dkt. No. 2474. That motion is denied.

Liquidation Order, which had been issued that same day. Dkt. No. 2477. The Liquidation Order purports to stay all actions currently pending against Lamorak "in the courts of the Commonwealth of Pennsylvania or elsewhere." Dkt. No. 2477-1, ¶ 13. In light of the newly filed Liquidation Order, the Court directed the parties to file supplemental briefs addressing "whether the Liquidation Order is enforceable in this Court." Order dated March 12, 2021, Dkt. No. 2478. Lamorak contends that it is and asks the Court to stay the execution of judgment on that basis. Lamorak Insurance Company's Supplemental Memorandum of Law in Further Support of its Motion to Stay ("Lamorak Supp. Mem."), Dkt. No. 2479. Olin argues that the Court need not and should not enforce the Liquidation Order. Plaintiff Olin Corporation's Response to Defendant Lamorak Insurance Company's Supplemental Memorandum of Law in Further Support of its Motion to Stay "Olin Supp. Mem."), Dkt. No. 2480.

II.  Discussion

   A. Stay Pending Appeal

Lamorak seeks a stay pending appeal without posting a bond or other security. Federal Rule of Civil Procedure 62(b) provides that a party is entitled to a stay pending appeal by posting a supersedeas bond. However, the Second Circuit has explained that a district court "may, in its discretion, waive the bond requirement if the appellant provides an acceptable alternative

means of securing the judgment." In re Nassau County Strip Search Cases, 783 F.3d 414, 417 (2d Cir. 2015) (per curiam). The Nassau Court identified the following "non-exclusive" factors a district court may consider when deciding whether to waive the supersedeas bond requirement:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post bond would place other creditors of the defendant in an insecure position.

Id. These factors are "a tool geared toward ensuring a meaningful outcome for the prevailing party, and not a device for easing the judgment burden on the losing party." Petersen-Dean, Inc. v. National Union Fire Insurance Company of Pittsburgh, PA., No. 19-cv-11299 (AKH), 2020 WL 1989493, at *3 (S.D.N.Y. Apr. 24, 2020).

Lamorak contends that a stay without a bond is warranted under the fifth Nassau factor "because requiring Lamorak to post a bond or other security would place its policyholders and other creditors in an insecure position." Lamorak Mem. at 4. Lamorak also argues that the first Nassau factor -- the complexity of the collection process -- likewise weighs in favor of a stay. Id. Looking beyond the Nassau factors, Lamorak maintains that a stay is consistent

with what it calls the "substantial state interest" in the regulation of insolvent insurance companies." Id. at 5.

Olin responds by highlighting the third Nassau factor, which concerns the likelihood that Lamorak will have the funds to pay the judgment. Because Lamorak has conceded insolvency, it has given the Court no reason to believe it has the funds the make good on the judgment. Plaintiff Olin Corporation's Memorandum of Law in Opposition to Defendant Lamorak's Insurance Company's Motion to Stay ("Olin Mem."), Dkt. No. 2472, at 9. Olin also argues that Lamorak's focus on the fifth Nassau factor is misplaced because Lamorak has not offered sufficient evidence to prove that it cannot afford to post a bond, let alone that posting a bond would threaten the recovery of other creditors. Id. at 10. And, Olin contends, even if Lamorak could meet the fifth Nassau factor, that factor "does not envisage waiving the bond requirement because a debtor simply cannot pay." Id. (quoting Butler v. Ross, No. 16-cv-1282 (DLC), 2017 WL 6210843, at *4 (S.D.N.Y. Dec. 7, 2017)).

The Court agrees with Olin and denies Lamorak's motion for a stay of judgment pending appeal without posting a bond. A debtor's insolvency, although relevant under the fifth Nassau factor, is plainly insufficient to overcome the remaining Nassau factors, which are intended, as mentioned, to ensure a meaningful outcome for the prevailing party. See, e.g., Moore v. Navillus Tile, Inc.,

No. 14-cv-8326, 2017 WL 4326537, at *3 (S.D.N.Y. Sept. 28, 2017) ("[A]ssuming arguendo that [the defendant] has proven the fifth factor, that does not mean the other Nassau County factors are outweighed.").

B. Stay in light of Liquidation Order

Lamorak also argues that a stay of judgment is warranted in light of the Liquidation Order, either under the Uniform Insurers Liquidation Act (the "ULIA"), which has been enacted by New York, or under principles of comity.

1. Uniform Insurers Liquidation Act

New York adopted the UILA to "provide a uniform system for the orderly and equitable administration of the assets and liabilities of defunct multistate insurers." G.C. Murphy Co. v. Reserve Ins. Co., 54 N.Y. 2d 69, 77 (1981). Section 7414, adopted as part of New York's version of the UILA, provides:

> [d]uring the pendency of delinquency proceedings in this or any reciprocal state no action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in the courts of this state against the delinquent insurer or its assets.

N.Y. Ins. L. § 7414. Thus, when an insurer is undergoing liquidation in a "reciprocal state" no action in the nature of execution may be commenced or maintained.

New York courts are seemingly divided on whether Pennsylvania is a "reciprocal state" under the UILA. The term "reciprocal state" is defined in New York Insurance Law § 7408(6) as:

> any state other than this state in which in substance and effect the provisions of this act are in force, including the provisions requiring that the insurance commissioner or equivalent insurance supervisory official be the receiver of a delinquent insurer.

Taking a formalist approach, one court has held that Pennsylvania is not a reciprocal state simply because it has not itself adopted the UILA. Dean Constr. Co. v. Agricultural Ins. Co., 22 A.D.2d 82, 84 (2d Dep't 1964). Other courts, however, opting for a more functionalist approach, have held that Pennsylvania is a reciprocal state because it has independently adopted laws that provide for substantially the same central remedies supplied by the UILA. See Twin City Bank v. Mut. Fire Marine & Inland Ins. Co., 646 F. Supp. 1139, 1140-41 (S.D.N.Y. 1986) (citing Kelly v. Overseas Investors, Inc., 24 A.D.2d 157 (1st Dep't 1965), rev'd on other grounds, 18 N.Y.2d 622 (1966)).

Although the New York Court of Appeals has not directly addressed the issue, it has seemingly blessed the functionalist approach to reciprocity featured in the Twin City decision over the formalist approach featured in Dean. See Twin City, 646 F. Supp. 3d at 1141 n.6 ("The precedential value of Dean . . . is undermined by the subsequent decision in [Kelly v. Overseas

Investors, Inc., 18 N.Y.2d 622 (1966)], especially since the Court of Appeals, while reversing on other grounds, expressed agreement with Kelly's conclusion regarding the effect of the Uniform Act.").

The Court agrees with functionalist approach outlined in the Twin City opinion and holds that Pennsylvania is a reciprocal state under New York Insurance Law § 7414. Accordingly, the Court holds that the Liquidation Order is enforceable in this Court and warrants staying this action.[3]

### 2. Comity

Even if Pennsylvania were not a "reciprocal state" under the Uniform Insurers Liquidation Act, Lamorak maintains that the Liquidation Order is still enforceable in this Court under principles of comity. Lamorak Supp. Mem. at 2. "Under the principles of comity, federal courts of equity should exercise their discretionary power with proper consideration for the independence of state government in carrying out its governmental functions." See Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Ill.,

---

[3] Olin's remaining argument is that, even if Pennsylvania is a reciprocal state, "'there is no automatic stay of litigation pursuant to the [UILA],' and this Court need not enforce any stay entered by a state court." Olin Supp. Mem. at 1 (quoting Hala v. Orange Reg'l Med. Ctr., 60 Misc. 3d 274, 282 (N.Y. Sup. Ct. 2018)). In Hala, however, the foreign state court issued a stay for the benefit not of an insurance company but of a risk retention group. 60 Misc. 3d at 282. The Hala court seems to have declined to enforce the foreign state court's stay in part because risk retention groups are not covered by the UILA. See id. at 283.

421 F.3d 835 (9th Cir. 2005). In Twin City, for example, Judge Weinfeld explained that New York courts often extend "comity to delinquency proceedings in foreign states," separate and apart from whether they are technically reciprocal states under the UILA. 646 F. Supp. at 1141; see also id. at 1142 ("New York's policy of respecting, where possible, the law of other states regarding delinquency proceedings, should be enforced by issuing a stay.").

Olin contends that a stay should not issue under principles of comity for two primary reasons. First, unlike in Twin City and other cases relied on by Lamorak, here, the state liquidation proceedings commenced after the initiation of the federal case. Olin points, by way of contrast, to Hawthorne, where the Ninth Circuit approved a district court's exercise of jurisdiction over an insurer who was placed in Pennsylvania liquidation proceedings after initiation of the federal case. 421 F.3d at 852. Second, Olin argues that the circumstances surrounding Lamorak's newfound insolvency are suspicious and "warrant[] this Court exercising its discretion not to enforce the Liquidation Order." Olin Supp. Mem. at 2. Olin points out that while Lamorak represented in 2014 that it was solvent through 2024, it consented to entry of an order of liquidation soon after the Court entered judgment against it. Id. at 3. More generally, Olin alleges that Lamorak's owners merged Lamorak into its then-parent company -- Bedivere Insurance Company

-- in a "a move that did not financially benefit Lamorak, Bedivere, or policyholders" and that "in very short order managed to turn a surplus of funds available for policyholders into a purported statutory deficit." Id. In short, Olin expresses "serious concerns as to the legitimacy of Lamorak's actions." Id. at 5.

The Court holds that, even if Pennsylvania were not a "reciprocal state," the Liquidation Order is enforceable under principles of comity. While Olin is correct that this action preceded the state liquidation proceedings, that does not change the fact that liquidation proceedings are now ongoing on Pennsylvania. Allowing Olin to continue to execute the judgment in this Court would be contrary to "the broad policy of denying to one creditor preference over other similarly situated creditors." Twin City, 646 F. Supp. at 1142.

Hawthorne, an out-of-circuit case that is not binding on this Court, is not to the contrary. There, the federal proceedings were in the merits stage when the district court declined to dismiss the claims against the insurer and rejected the insurer's argument that "the liquidation order vested the Pennsylvania Commonwealth Court with 'exclusive' jurisdiction over claims against [the insurer] and enjoined any continued prosecution of claims against [the insurer] in other fora." 421 F.3d at 840. Here, by contrast, Olin has successfully pursued its claims against Lamorak to

judgment. The remaining question is where and how Olin should be permitted to execute on that judgment. Comity and common sense dictate that Olin should seek to execute its judgment within the consolidated liquidation proceedings in Pennsylvania.

Finally, although the Court is not unsympathetic to Olin's concerns over the circumstances of Lamorak's insolvency, the Court denies Olin's request for "an Order that would allow Olin to pursue post-judgment discovery." Olin Supp. Mem. at 4. Because the liquidation proceedings are ongoing in Pennsylvania, Olin should raise its concerns in that forum.

The Clerk of the Court is directed to close the entries at docket numbers 2467 and 2474.

SO ORDERED.

Dated:   New York, NY
         March 15, 2021                         JED S. RAKOFF, U.S.D.J.